UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Margaret Trefethen</u>,
 Plaintiff

  v.           Case No. 11-cv-225-SM
              Opinion No. 2011 DNH 167
<u>Liberty Mutual Group, Inc.</u>,
 Defendant

## **<u>O R D E R</u>**

In her seven-count complaint, Margaret Trefethen asserts that her former employer, Liberty Mutual Group, wrongfully terminated her employment and then fraudulently induced her to sign a release of claims.  Liberty Mutual moves for judgment on the pleadings.  <u>See</u> Fed. R. Civ. P. 12(c).  That motion is denied.

The thrust of Liberty Mutual's argument is this: in exchange for severance pay to which she was not otherwise entitled, Trefethen knowingly and voluntarily signed a "Severance Agreement and General Release" (document no. 5-1), which precludes her from pursuing each of the multiple claims advanced in this litigation. That may or may not be true, depending on the evidence Trefethen is able to produce in support of her fraud, undue influence, and misrepresentation claims.

According to her complaint, Trefethen did not "knowingly" or "voluntarily" sign the release.  Rather, she says she signed it only after Liberty Mutual exerted undue influence upon her and affirmatively misrepresented the scope and legal effect of the release.  If, as Trefethen claims, the release is unenforceable, it plainly cannot serve to bar her discrimination and wrongful termination claims.  Equally plain is the fact that, at this preliminary stage of the litigation, the court cannot conclude that Trefethen's claims - weak as they may appear to be - are necessarily barred as a matter of law.  At this juncture, the court must accept the factual allegations in Trefethen's complaint as true.  Consequently, the arguments presented in Liberty Mutual's motion are more properly addressed after discovery, and in the context of a motion for summary judgment.  See Bryant v. Liberty Mutual Group, Inc., No. 11-cv-217-SM, 2011 DNH 151 (D.N.H. Sept. 29, 2011).

Based on the arguments advanced in its motion, Liberty Mutual has not demonstrated that it is entitled to the relief it seeks.  Accordingly, defendant's motion for judgment on the pleadings (document no. 6) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 12, 2011

cc:  John E. Lyons, Jr., Esq.
     Nancy E. Oliver, Esq.