UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Margaret Trefethen,
        Plaintiff

        v.                              Case No. 11-cv-225-SM
                                        Opinion No. 2013 DNH 148
Liberty Mutual Group, Inc.,
        Defendant

**O R D E R**

As it did in the substantially similar case of Bryant v.
Liberty Mutual Group, Inc., 2013 DNH 142 (D.N.H. Oct. 24, 2013),
Liberty Mutual has filed a motion for sanctions under Rule 11 of
the Federal Rules of Civil Procedure.[1]   That motion is denied.


The imposition of sanctions under Rule 11 is reserved for
cases in which a party or an attorney has made arguments for an
"improper purpose," advanced "frivolous" claims, or asserted
factual allegations without "evidentiary support" or the "likely"
prospect of such support.   See, e.g., Citibank Global Mkts., Inc.

---

[1]     Three former employees of Liberty Mutual brought
independent, but substantially similar, suits against their
former employer, asserting that they were the victims of wrongful
termination and, in some cases, unlawful workplace
discrimination.  Each of those plaintiffs was represented by the
same counsel and each raised similar legal arguments in an effort
to invalidate the Severance Agreement and General Release they
had signed upon their separation from Liberty Mutual.  See Bryant
v. Liberty Mut. Group, Inc., 11-cv-217-SM, Trefethen v. Liberty
Mut. Group, Inc., 11-cv-225-SM, and Stevens v. Liberty Mut.
Group, Inc., 11-cv-218-PB.

v. Rodriquez Santana, 573 F.3d 17, 32 (1st Cir. 2009).  See also
CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st
Cir. 2011).  This is not such a case.

Like the plaintiff in Bryant, Trefethen recognized that her
wrongful termination claims against Liberty Mutual would be
barred if the Severance Agreement and General Release she signed
was valid and enforceable against her.  Indeed, Liberty Mutual
moved for summary judgment on that very ground, asserting that
Trefethen's employment-related claims were precluded by the
Severance Agreement.  Accordingly, Trefethen's initial efforts
were focused on invalidating that agreement.

Trefethen's efforts to overcome the contractual bar
ultimately proved unavailing.  But, as was the case in Bryant,
Trefethen's arguments were not so weak, or frivolous, or lacking
in factual or legal support as to warrant the imposition of
sanctions under Rule 11.  See generally Young v. City of
Providence, 404 F.3d 33, 39-40 (1st Cir. 2005) ("[C]ourts ought
not invoke Rule 11 for slight cause; the wheels of justice would
grind to a halt if lawyers everywhere were sanctioned every time
they made unfounded objections, weak arguments, and dubious
factual claims.").  Nor is there evidence that those arguments
were advanced for an improper purpose or that counsel conducted a

2

culpably inadequate investigation prior to filing suit.  And, of course, Liberty Mutual is not entitled to an award of sanctions under Rule 11 simply because some of Bryant's claims proved unsuccessful.  See, e.g., Protective Life Ins. Co. v. Dignity Viatical Settlement Partners. L.P., 171 F.3d 52, 58 (1st Cir. 1999).

## Conclusion

For the foregoing reasons, as well as those discussed in greater depth in Bryant, the court concludes that Trefethen's legal arguments supportive of her view that the Severance Agreement was unenforceable on grounds of fraudulent inducement were consistent with existing law, there was adequate factual support for at least some of the arguments she pressed, and there was no evidence that those arguments were advanced for an improper purpose.

Defendant's Motion for Rule 11 Sanctions (document no. 65) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 7, 2013

```
cc:  John E. Lyons, Jr., Esq.
     Douglas J. Hoffman, Esq.
     Martha Van Oot, Esq.
     Debra W. Ford, Esq.
     K. Joshua Scott, Esq.
```